UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE TIMMON,

          Plaintiff,

v.

CAROL WOOD, SANDY ALLEN, HAROLD
LEEMAN, and KATHY DUNBAR,

          Defendants.
_____/

Case Number: 09-13763

HON. MARIANNE O. BATTANI

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is before the Court on Plaintiff Christine Timmon's Application to Proceed *in forma pauperis*. (Doc. 2). The Court has reviewed Plaintiff's application and affidavit, and for the reasons that follow, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*; but, the Court also **DISMISSES** Plaintiff's Complaint because it is frivolous and fails to state a claim upon which relief may be granted.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a person who submits an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The district court must examine the financial condition of the applicant to determine whether the payment

of fees would cause an undue financial hardship.  Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert. denied, 488 U.S. 941 (1988).

Plaintiff's claim of hardship is supported by her application.  Based on her affidavit, the Court concludes that paying the filing fee is beyond Plaintiff's means.  Consequently, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even when a plaintiff establishes indigence, however, the district court must screen the complaint as mandated by Congress in § 1915(e)(2).  Section 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
>> (B) the action or appeal--
>>
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii) seeks monetary relief against a defendant who is immune  from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court is mindful that a *pro se* litigant's complaint is to be construed liberally, Jourdan v. Jabe, 951 F.2d 108, 100 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed.  FED. R. CIV. P. 12(b); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir. 1996) (observing that the court is not required to accept summary allegations or unwarranted legal conclusions in determining

2

whether complaint states a claim for relief); Dekoven v. Bell, 140 F.Supp.2d 748, 755 (E.D. Mich. 2001).  "A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements."  Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988).

In her complaint, Plaintiff claims that in two prior consolidated lawsuits she filed against Defendants, the district court judges from the Western District of Michigan granted unconstitutional immunities to Defendants.  See  Timmon v. Wood, No. 5:05-cv-00127 (W.D. Mich.); Timmon v. Leeman, No. 5:06-cv-00007 (W.D. Mich.).  In particular, Plaintiff indicates that after the district court's grant of summary judgment to defendants, Timmon v. Wood, 2006 WL 2033903 (W.D. Mich. 2006), was reversed by the Sixth Circuit Court of Appeals, Timmon v. Wood, 316 Fed. Appx. 364 (6th Cir. 2007), the district court proceeded to grant summary judgment to Defendants on different grounds, (see Timmon v. Wood, No. 5:05-cv-00127, doc. 109 (W.D. Mich. Apr. 21, 2008)).  Plaintiff contends that the district court ignored the Sixth Circuit's mandate by granting summary judgment to Defendants a second time.

Plaintiff, however, already properly challenged the district court's second grant of summary judgment by appealing, for a second time, to the Court of Appeals; and the Court of Appeals affirmed the district court's second grant of summary judgment to Defendants.  See Timmon v. Wood, No. 08-1667 (6th Cir. Jan. 21, 2009).  Plaintiff cannot challenge the Court of Appeals' ruling (or the district court's grant of summary judgment) by filing suit in this Court.  Thus, the Court finds that Plaintiff's present suit is frivolous and fails to state a claim on which relief may be granted.  Accordingly, the Court will dismiss Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).

In sum, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**, and this action is **DISMISSED** under § 1915(e)(2)(B).

**IT IS SO ORDERED.**

                                            s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE

Dated: October 2, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

                                            s/Bernadette M. Thebolt
                                            Case Manager